**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRIS YOLANDA ZAPATA FORNEL; MAYERLIN YOLANI ZAMBRANO ZAPATA, | No.   15-72968 |
| Petitioners, | Agency Nos.   A206-796-735 A206-796-736 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022**
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Iris Zapata-Fornel and her daughter Mayerlin petition for review from a Board

of Immigration Appeals ("BIA") decision denying their applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition in part and deny in part.

1. We grant Zapata-Fornel's petition with respect to her claims of asylum and withholding of removal based on her status as a woman in Honduras. While the BIA does not err when it declines to consider an applicant's argument raised for the first time on appeal, *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam), the BIA does err when it fails to address arguments that are properly raised before it. *See Muradin v. Gonzales*, 494 F.3d 1208, 1210 (9th Cir. 2007); *Chen v. Ashcroft*, 362 F.3d 611, 620 (9th Cir. 2004). To be properly raised, the issue need not have been "raised in a precise form during the administrative proceeding." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). "Rather, the petitioner may raise a general argument in the administrative proceeding and then raise a more specific legal issue on appeal. What matters is that the BIA was sufficiently on notice so that it 'had an opportunity to pass on [the] issue.'" *Id.* (citation omitted) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)).

The BIA erred in failing to consider Zapata-Fornel's claims of asylum and withholding of removal based on persecution of Honduran women. In her initial application before the IJ, Zapata-Fornel stated that she feared "violence and persecution as a victim of domestic violence who cannot leave her partner, as a woman in Honduras, and as a single mother." Zapata-Fornel also attached multiple

exhibits detailing violence against women in Honduras. However, in issuing its ruling, the IJ focused on Zapata-Fornel's domestic violence claim and did not reach her claim on the basis of being a Honduran woman.

On appeal before the BIA, Zapata-Fornel again raised her claims based on persecution of Honduran women. Specifically, Zapata-Fornel argued that "Honduran women suffer a pattern and practice of persecution" and that her fear of future persecution was reasonable based on the evidence in the record. Zapata-Fornel also attached some of the same reports and evidence that she had previously provided to the IJ in detailing violent conditions for women in Honduras. By doing so, Zapata-Fornel presented a sufficient argument that she was seeking protection as a Honduran woman so that the BIA was "on notice" of the claim and had an opportunity to address it. The BIA thus erred in concluding that Zapata-Fornel's claims were "not raised below" and "not developed on appeal with any specificity." Because Zapata-Fornel's claims of persecution as a Honduran woman were raised before the IJ, and again on appeal before the BIA, we grant her petition with respect to these claims. Unlike Zapata-Fornel's claims for asylum and withholding of removal on the basis of being a "woman in Honduras," her claim based on being a "single mother" was not specifically developed before the BIA. As a result, that argument was forfeited. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

2.      We deny Zapata-Fornel's petition with respect to her claim of asylum and withholding of removal on the basis of being a victim of domestic violence who cannot leave her partner. To be eligible for asylum, a petitioner must demonstrate a likelihood of persecution on a protected ground, 8 U.S.C. § 1101(a)(42)(A), and for withholding of removal, a petitioner must establish a "clear probability of persecution." *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995) (quoting *Arriaga-Barrientos v. INS*, 925 F.2d 1177, 1178 (9th Cir. 1991)). We review the BIA's denial of asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).

Substantial evidence supports the BIA's finding that Zapata-Fornel did not prove past persecution or a well-founded fear of future persecution based on domestic violence. The BIA reviewed the incidents of harm in the record and concurred with the IJ's conclusion that Zapata-Fornel had not experienced harm rising to the level of persecution. The BIA provided individualized consideration of the actual harm documented in the record, which included two incidents of physical violence against Zapata-Fornel, one incident of physical violence against Mayerlin, one incident of threatening behavior with a firearm, infidelity by Zapata-Fornel's former partner, and failure by Zapata-Fornel's partner to make child support payments ordered by a Honduran court. Nonetheless, the BIA correctly observed that "persecution is an extreme concept," *see He v. Holder*, 749 F.3d 792, 796 (9th

4

Cir. 2014), and substantial evidence supports its determination that the harm experienced by Zapata-Fornel, although serious, did not rise to that level. Because substantial evidence supports the BIA's denial of Zapata-Fornel's claims on the basis of domestic violence, we deny that portion of her petition.

3. We deny Zapata-Fornel's petition with respect to her CAT claim. In order to obtain CAT protection, an applicant must prove that it is "more likely than not" that she will be tortured if removed to her home country. 8 C.F.R. § 1208.16(c)(2). We review a denial of CAT relief for substantial evidence. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).

Substantial evidence supports the BIA's finding that Zapata-Fornel failed to establish that it was more likely than not she would be tortured. While Zapata-Fornel's evidence demonstrates that generalized violence is a significant problem in Honduras, such evidence fails to show that she is more likely than not to be tortured. The BIA correctly reasoned that such generalized evidence which is "not particular to [the applicant]" is insufficient to establish a threat of torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). As a result, substantial evidence supports the BIA's denial of Zapata-Fornel's claim for CAT protection.

Costs are awarded to Zapata-Fornel.

**PETITION GRANTED IN PART, DENIED IN PART**.